E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
NIALL M. O'DONNELL
Assistant Chief
PATRICK J. QUEENAN
ALEXANDRA MICHAEL
Trial Attorneys
Criminal Division, Fraud Section
     1400 New York Avenue, NW
     Washington, DC 20005
     Telephone: (202) 875-0326
     E-mail:    patrick.queenan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-424(A)-SVW-1 |
| Plaintiff, | <u>PLEA AGREEMENT FOR DEFENDANT KAREN SARKISYAN</u> |
| v. | |
| KAREN SARKISYAN,<br>   a/k/a "Kevin Sarkisyan," | |
| Defendant. | |

1.   This constitutes the plea agreement between KAREN SARKISYAN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") and the Fraud Section of the Criminal Division of the United States Department of Justice (collectively with the USAO, "the United States") in the above-captioned case.  This agreement is limited to the USAO and the Fraud Section of the Criminal Division of the United States Department of Justice and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the United States and provided by the Court, appear and plead guilty to a one-count supplemental information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with conspiracy to defraud the United States in violation of 18 U.S.C. § 371.

    b. Not contest facts agreed to in this agreement.

    c. Abide by all agreements regarding sentencing contained in this agreement.

    d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

    e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

    f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

    g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

    h. At or before the time of sentencing, make a prejudgment payment by delivering a certified check or money order to the Fiscal Clerk of the Court in the amount of $3,668,050 to be applied to satisfy defendant's anticipated criminal debt. Payments

may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

  i. Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

  j. Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

  k. Complete the Financial Disclosure Statement on a form provided by the United States, in the event defendant does not make full restitution before or at the time of sentencing or all other financial obligations from sentencing are not satisfied, within 30 days of defendant's sentencing, deliver the signed and dated statement, along with all of the documents requested therein, to the United States by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012. Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

  l. Authorize the United States to obtain a credit report upon returning a signed copy of this plea agreement.

   m. Consent to the United States inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

   n. Defendant understands and acknowledges that as a result of pleading guilty pursuant to this agreement, defendant will be excluded from Medicare, Medicaid, and all Federal health care programs. Defendant agrees to complete and execute all necessary documents provided by the United States Department of Health and Human Services, or any other department or agency of the federal government, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

## THE UNITED STATES' OBLIGATIONS

3. The United States agrees to:

   a. Not contest facts agreed to in this agreement.

   b. Abide by all agreements regarding sentencing contained in this agreement.

   c. At the time of sentencing, move to dismiss the counts of the First Superseding Indictment in <u>United States vs. Karen Sarkisyan et al.</u>, Case No. 21-cr-00424-SVW, as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction

in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count one of the Supplemental Information, that is, conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371, the following must be true: (a) there was an agreement between two or more persons to defraud the United States by obstructing the lawful functions of United States Department of Health and Human Services by deceitful or dishonest means as charged in the Supplemental Information; (b) the defendant became a member of the conspiracy knowingly of at least one of its objects and intending to help accomplish it; and (c) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

## PENALTIES AND RESTITUTION

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the United States' compliance with its obligations under this agreement, the Court may order restitution to persons other than the

victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties agree that the applicable amount of restitution is approximately $3,668,050, and defendant agrees to pay this amount in full at, or prior, to sentencing.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case

may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future.  Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

10.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the United States agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to

7

establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

At all times relevant to this plea agreement, the Medicare program was a health care benefit program, as defined by Title 18, United States Code, Section 24(b), and a federal health care program, as defined by Title 42, United States Code, Section 1320a-7b(f). Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services ("HHS").

Beginning no later than in or around January 2018, and continuing through at least in or around June 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendant, together with others, knowingly conspired to defraud the United States, in violation of Title 18, United States Code, Section 371.

During the conspiracy and in furtherance of it, defendant and others agreed to, and did, submit and cause the submission of false and fraudulent enrollment records to Medicare for San Gabriel Hospice and Palliative Care, Inc. ("San Gabriel"), a hospice company, to conceal the identities of beneficial owners and managers of San Gabriel.  Defendant and others submitted and caused the submission of these records in order to make it appear as though Nominee Owner 1 owned and managed San Gabriel, when in fact, as defendant Sarkisyan well knew, other individuals were the actual beneficial owners and managers of San Gabriel.

Defendant Sarkisyan knew that the failure to disclose the true identity of the owners and managers of San Gabriel affected Medicare's decision to allow San Gabriel to participate in the Medicare program, including submitting claims for payment, and that by not listing the beneficial owners and managers on the Medicare enrollment records defendant was obstructing Medicare's ability to carry out its functions, including by preventing Medicare from discovering who was responsible for San Gabriel's submission of the false and fraudulent claims.

As part of the conspiracy, on or about December 1, 2017, defendant executed a Stock Purchase Agreement selling San Gabriel purportedly to Nominee Owner 1.

As part of the conspiracy, on or about January 9, 2018, defendant and Nominee Owner 1 executed a bank signature card at Wells Fargo adding Nominee Owner 1 as a signatory on an account in the name of San Gabriel.

As part of the conspiracy, on or about May 1, 2018, defendant executed a CMS 855A (Medicare Enrollment Application) falsely representing that Nominee Owner 1 was the sole owner and manager of San Gabriel. As a result, San Gabriel submitted and caused the submission of false and fraudulent claims to Medicare. As a result of the submission of these false and fraudulent claims, Medicare paid San Gabriel approximately $3,668,050, of which $3,180,677 was paid after defendant filed or caused the filing of the false enrollment records for San Gabriel.

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing

Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

    12.  Defendant and the United States agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Loss Amount of More than $250,000 but Less than $3.5 million | 12-16 | U.S.S.G. § 2B1.1(b)(1) |
| Federal Health Care Offense: | 0-2 | U.S.S.G. § 2B1.1(b)(7)(i) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level: | 15-21 | |

The United States will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 3(d) are met and if defendant has not committed, and refrains from committing, acts constituting obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as discussed below.  Defendant agrees that the applicable loss is at least $250,000, corresponding to a 12-level enhancement under § 2B1.1(b)(1)(G).  The United States contends -- and defendant reserves the right to contest -- that the applicable loss is between

$1.5 and $3.5 million, corresponding to a 16-level enhancement under § 2B1.1(b)(1)(I) and that an additional two-level adjustment for losses related to a federal health care offense applies under § 2B1.1(b)(7)(i).  Other than those reserved arguments regarding loss and subject to paragraph 25 below, defendant and the United States agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed.  Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the United States were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the United States, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the United States would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the United States reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

 16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that

the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17. Defendant agrees that, provided the Court imposes a total term of imprisonment on the count of conviction within or below the range corresponding to an offense level of 21 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $3,668,050; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. The United States agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 21 and the criminal history category calculated by the Court, the United States gives up its right to appeal any portion of the sentence, with the exception

that the United States reserves the right to appeal the amount of restitution ordered if that amount is less than $3,668,050.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the United States will be relieved of all of its obligations under this agreement; and (b) should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

20. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the United States and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and a United States Department of Justice Trial Attorney.

14

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the United States may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the United States to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the United States in writing. If the United States declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the United States will be relieved of all its obligations under this agreement.

23. Following the Court's finding of a knowing breach of this agreement by defendant, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing

occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

24. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the United States' sentencing recommendations or the parties' agreements to facts or sentencing factors.

25. Defendant understands that both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the United States and defendant to submit full and complete factual information to the United States Probation and Pretrial

16

Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the United States' obligations not to contest the facts agreed to in this agreement.

26. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

27. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the United States and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_/s/_____     March 29, 2023
Niall M. O'Donnell                Date
Patrick J. Queenan
Alexandra Michael
United States Department of Justice

_/s/_____     03/29/2023
Karen "Kevin" Sarkisyan           Date
Defendant

/s/ Elon Berk _____     03/29/2023
Elon Berk, Esq.                   Date
Vicki Podberesky, Esq.
Attorneys for Defendant Karen
"Kevin" Sarkisyan

18

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  03/29/2023
Karen "Kevin" Sarkisyan      Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Karen "Kevin" Sarkisyan's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

/s/ Elon Berk                                           03/29/2023
Elon Berk, Esq.                                         Date
Vicki Podberesky, Esq.
Attorney for Defendant Karen
"Kevin" Sarkisyan