Elon Berk, Esq. [SBN 209642]
**GUROVICH, BERK & ASSOCIATES, APC**
15250 Ventura Blvd., Suite 1220
Sherman Oaks, California 91403
Tel: (818) 205-1555
Fax: (818) 205-1559
Attorney for Defendant
**Karen Sarkisyan**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **CASE NO.: 21-CR-00424-SVW** |
| ) Plaintiffs, ) | **MOTION TO REDUCE SENTENCE** |
| ) | **[18 U.S.C.§3582(c)(1)(A)(i)]** |
| v. ) | |
| ) | |
| KAREN SARKISYAN, et al, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**A.   Introduction**

Defendant, Karen Sarkisyan, requests compassionate release on the basis that his wife is due to give birth on December 20, 2024 and he is desperately needed to aid in her care, the care of the new baby they are expecting, and the care of their three other young children. Defendant's current expected release date is February 3, 2025, However, his estimated release date after application of the First Step Act credits is January 4, 2025. His wife, Ani Astsaturyan, has had a high risk pregnancy that may make delivery of the baby complicated and potentially dangerous. Currently, Ms. Astsaturyan's physician indicated that the birth will be advanced to no later than

December 20, 2024 due to her medical condition. Further, Ms. Astsaturyan is currently caring for their three other young children with very limited help from anyone else. Without the Defendant at home to assist his wife during a critical and dangerous pregnancy and the subsequent delivery of the couple's new baby will create a severe hardship on Defendant's family. Without the presence of the Defendant, the high risk pregnancy, delivery of the new baby and Ms. Astsaturyan's post-delivery recovery will be incredibly difficult given the family's circumstances.

**B.   Procedural Background**

Defendant is requesting for compassionate release under extraordinary and compelling circumstances as outlined in sections 1B1.13(b)(3)(A) and 1B1.13.(b)(3)(D) of the US Sentencing Commission Guidelines.

On March 29, 2024, Defendant was sentenced to a year and a day. (Dkt. No. 138.) Defendant surrendered to serve his sentence on or about May 29, 2024. Currently, Defendant is in the camp at Lompoc and his First Step Act estimated release date is January 4, 2025. Defendant is expected to be transferred to a Residential Re-entry Center Vinewood on December 6, 2024 to complete the remainder of his sentence.

Mr. Sarkisyan submitted a request to the Warden on or about August 1, 2024. See Declaration of Counsel, Exhibit 1 (Dec by Elon Berk). This represents sufficient and substantial compliance with the

normal 30 day waiting period. *See Hendricks v. Zenon*, 993 F.2d 664, 672 (9th Cir. 1993). To date, Defendant has not received a formal reply from the Warden, however, Defendant's case manager informed him orally in mid-September that his request was going to be denied. Thus, Defendant has complied with 18 U.S.C. § 3582(c)(1)(A) requirement of Exhaustion of Administrative Remedies (Stating that before filing a motion in court, a Defendant must first exhaust all administrative remedies by submitting a detailed request for compassionate release to the warden of his/her institution with information as to the circumstances justifying release. Moreover, the warden has 30 days to respond to such request.)

**C.  Family Circumstances and Wife's Pregnancy**

Defendant is seeking relief due to extraordinary circumstances that have materialized with respect to his wife's complicated pregnancy. According to her physician, Ms. Astsaturyan's pregnancy is high risk due to the presence of ongoing vaginal bleeding, a subchronic hematoma (placenta blood clot) and placenta previa (low placenta). Moreover, Defendant's wife also has a history of two miscarriages. Throughout her present pregnancy, Ms. Astsaturyan has had vaginal bleeding that raise concern for separation of the placenta, expansion of the hematoma and increased risk for miscarriage and labor and delivery. See attached Physician letter dated July 8, 2024 (Ex. 2). Moreover, Mrs. Astsaturyan was instructed not to travel due to a possible need for blood transfusion at any given moment should her bleeding continue. Ms. Astsaturyan was also advised that she will, possibly, be placed on hospital bed rest and that she has to

make sure that all the arrangements for the care of her other children are done immediately. In essence, she may be ordered to hospitalized bed rest at any moment prior to delivery. Her physician is regularly monitoring and running the necessary medical tests to determine the optimal date to induce labor.

Defendant and his wife have three children ages 10, 8, and 18 months old. Defendant and his wife reside in a four split level home. For example, going from the kitchen to the kids' room requires 3 sets of stairs, each consisting of 8 to 10 stairs. Caring for the children is very physically demanding for Ms. Astsaturyan.  In addition, Defendant's mother is 86 years old, who lives on her own and she has her own slew of health issues. She has a stroke in October, 2023, and as a result she requires constant assistance with her daily living activities. Defendant's who lives in the Unites States is 56 years old, divorced and oxygen dependent due to severe COPD. His lungs are working at 27% capacity and he is currently a candidate for a lung transplant. Thus, he can not even walk up one flight of stairs without having severe shortness of breath. Since the time of Defendant's incarceration, Defendant's brother has been the only person caring for Defendant's mother even though he, himself, requires assistance with certain tasks. Defendant's other brother resides in Armenia and is unable to travel to the United States due to his full time employment. Even if he were able to take significant time off from his employment, he applied to obtain visa numerous times in the past, including to attend Defendant's father's funeral, but was denied entry every single time.

Ms. Astsaturyan's family also in no position to assist in providing care for the children. She has one sister, Inga Keshishyan, who is 27 years old. She is married and is currently caring for her own infant child. Ms. Astsaturyan's mother, Marina Martirosyan, is divorced. She is employed full time and she is the only caretaker for her elderly parents. Ms. Astsaturyan's grandmother, Anahit Tokhalyan, is 71 years old. She lives with her daughter.

Defendant and his wife simply do not have adequate assistance in caring for Defendant's family while his wife gives birth and in the immediate weeks after. Defendant's family, as previously mentioned, cannot be of any assistance to the extent necessary to care for three small children immediately before, during and after the birth of a new baby due to their own circumstances.

### C. Defendant's wife's irregular pregnancy provides an "extraordinary and compelling" reason to reduce Mr. Sarkisyan's sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).

The compassionate release statute grants sentencing courts authority to reduce a term of imprisonment for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). It provides that:

(1) In any case—

(A) The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –

   (i) Extraordinary and compelling reasons warrant such a reduction; and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . . 18 U.S.C. § 3582(c)(1)(A) (emphasis added). So in summary, to reduce a sentence under this provision the court 1) must find extraordinary and compelling reasons, 2) consider the relevant sentencing factors under § 3553(a), and 3) ensure any reduction is consistent with applicable policy statements.

   The compassionate release statute previously permitted sentence reductions only upon motion of the Director of the Bureau of Prisons. The statute was recently modified in the First Step Act of 2018. Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018). It now permits the courts to consider motions filed by defendants so long as "the defendant fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." So, "while the First Step Act did preserve the BOP's role relative to a sentence reduction in certain limited respects, it eliminated the BOP Director's role as the exclusive channel through which a sentence reduction could be considered by courts." United States v. Redd, No. 1:97-cr-00006-AJT, 2020 WL 1248493, at *7 (E.D.

Va. Mar. 16, 2020).

The Ninth Circuit has recognized that extraordinary and compelling circumstances can include family issues that necessitate the defendant's presence. In United States v. Aruda, 993 F.3d 797 (9th Cir. 2021), the court emphasized that "extraordinary and compelling reasons" for release may encompass family circumstances and noted the need for individualized assessments in compassionate release motions. United States v. McGraw, 2021 WL 2251795 (9th Cir. 2021), reaffirmed that compassionate release may be warranted when family obligations create a significant need for the defendant's presence, particularly when the health of family members is at risk. In United States v. O'Bryan, 2020 WL 2029304 (9th Cir. 2020), the court granted compassionate release based on the health concerns of a family member, underscoring the importance of considering the impact of incarceration on the family structure. Additionally, in United States v. Gonzalez, 2020 WL 4741955 (N.D. Cal. 2020), the court acknowledged the significance of a defendant's role in caring for young children and an ill spouse, stating that the defendant's release would alleviate undue hardship on their family.

In the present matter, Mr. Sarkisyan has almost completed the term incarceration and is faced with extreme hardship to his family, specifically the well being of his wife and unborn child. Due to the aforementioned circumstances, there are no available reasonable alternatives in providing assistance to his wife in caring for his children while complying with her own medical needs. Moreover, there are no family members that are physically able to provide the

assistance necessary before, during and after the birth of the couple's new baby, even if the complicated pregnancy goes smoothly. Thus, in light of the fact that Defendant is almost at the end of term of incarceration, a reduction of his sentence due to "extraordinary and compelling" reason is appropriate.

**D. Conclusion**

Given the extraordinary and compelling circumstances outlined above, Defendant, respectfully, requests that this Court grant his motion for compassionate release. Defendant's presence in the period before, during and after his wife's delivery is crucial to support his wife and children.

Respectfully submitted,

Date: November 11, 2024           GUROVICH, BERK & ASSOCIATES

By: **/s/ Elon Berk**
    Elon Berk, Esq,
    Attorney for Defendant